# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEMAN FITZPATRICK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) Case No. CIV-13-284-M |
| WILLIAM MONDAY, and | ) |
| SCOTT PRUITT, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B)-(C). Because the petition was filed after the applicable one-year limitation period had expired, it is recommended that the petition be dismissed *sua sponte* under Rule 4, Rules Governing Section 2254 Cases.

## PROCEDURAL BACKGROUND

The following procedural background is based on Petitioner's Petition, ECF No. 1, ("Petition"); the May 5, 2011, Order Denying Application/Motions for Post-Conviction Relief filed in Petitioner's felony case and attached to the Petition, ECF 1-1, ("Order"); and the April 6, 2012, Order Affirming Denial of Post Conviction Appeal Out of Time filed by the Oklahoma Court of Criminal Appeals ("OCCA"), ECF No. 1-2, ("OCCA Order") also attached to the Petition.

On October 18, 2007, Petitioner was convicted following a jury trial of possession of a controlled dangerous substance with intent to distribute; possession of a controlled dangerous substance; and possession of drug paraphernalia. Case No. CF-2006-5884, District Court of Oklahoma County (Petition p. 1). On November 30, 2007, former Oklahoma County District Judge, the Honorable Tammy Bass-LeSure, sentenced Petitioner to eighteen years, five years and one year respectively, all to be served concurrently (*Id.*). The judgment and sentence was entered on December 17, 2007 (Order p. 2). Petitioner appealed, and the OCCA affirmed his conviction on March 25, 2009 (Petition p. 2; Order p. 3).

On June 3, 2010, Petitioner filed an application for post-conviction relief in the Oklahoma County District Court (Petition p. 3; Order p. 1). Because the application exceeded the page limit set forth in Rule 37, Rules of the Seventh and Twenty-Sixth Judicial Administrative Districts, the State moved to strike the application (Petition p. 3; Order p. 3). On June 9, 2010, then presiding Oklahoma County District Judge, the Honorable Patricia G. Parrish, granted the State's motion to strike (Petition p. 3; Order p. 3).

On December 27, 2010, Judge Parrish entered an order granting Petitioner until February 15, 2011, to file a brief in support of his application for post-conviction relief that complied with Rule 37 (Order p. 3). Instead, Petitioner filed several documents and briefs which a third Oklahoma County District Court Judge, the Honorable Glenn M. Jones, construed as "an attempt to circumvent the page limitations set forth in Rule 37" (Order p. 3). Additionally, Judge Jones noted that the first application for post-conviction relief filed

2

June 3, 2010, had never been verified and had, in fact, been stricken from the record. Judge Jones specifically found that "a proceeding for post-conviction relief has not been properly commenced in this case" (Order p. 4).

Judge Jones considered the propositions for relief raised in the motions and briefs filed on February 16, 2011. Although Petitioner states that he filed only one application for post-conviction relief, (Petition p. 4), it is apparent that Judge Jones properly construed those filings as a second application for post-conviction relief. He denied post-conviction relief on May 5, 2011 (Order p. 6). At the end of the order, Judge Jones quoted the language from the Oklahoma statute governing appeals from denials of applications for post-conviction relief (Order p. 6). Thus, Petitioner was specifically informed that he had thirty days from the May 5, 2011 entry of the judgment on his second post-conviction application to appeal the denial of relief to the OCCA by filing a petition in error. Petitioner did not timely file an appeal of the denial of his second application for post-conviction relief.

On October 17, 2011, Petitioner filed a third application for post-conviction relief in the Oklahoma County District Court, this time seeking an appeal out of time (OCCA Order p. 2). Judge Jones denied Plaintiff's third application. On April 6, 2012, the OCCA affirmed the Oklahoma County District Court's order denying a post-conviction appeal out of time (OCCA Order).

## ANALYSIS

I. **Timeliness of Petition**

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is under

an obligation to review habeas petitions upon filing and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief . . . ." The issue of timeliness may be raised *sua sponte* by a federal court. *See Day v. McDonough*, 547 U.S. 198, 209-210 (2006) (affirming court's *sua sponte* dismissal of habeas corpus petition as untimely under Rule 4 and noting that: "[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition.").

Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner must file a federal habeas action challenging his conviction within one year of the date that his state court conviction(s) "became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner's conviction became final, and the one-year limitations period began running on June 23, 2009, upon expiration of the ninety-day period during which Petitioner could have filed a petition for writ of certiorari with the United States Supreme Court. *See Locke v. Saffle*, 237 F.3d 1269, 1272, 1273 (10th Cir. 2001) (a petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed). Since the one-year limitation period is calculated using the anniversary date method, *see United States v. Hurst*, 322 F.3d 1256, 1259-61 (10th Cir. 2003), Petitioner's deadline for filing a federal habeas action was June 23, 2010. The instant habeas petition was filed on March 22, 2013, almost three years after the limitation period had expired. Therefore, absent statutory or equitable tolling of the limitation

period, Petitioner's habeas petition is subject to dismissal as untimely filed.

## II. Statutory Tolling

The tolling provision in 28 U.S.C. § 2244(d)(2) provides that the one-year limitation period is tolled while "a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2) (emphasis added). According to the Supreme Court, "[a]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State procedural law is applied to determine whether an application for state post-conviction relief is "properly filed." *Garcia v. Shanks*, 351 F.3d 468, 471 (10th Cir. 2003).

In this case, Petitioner failed to comply with the relevant state court filing requirements when, on June 3, 2010, he attempted to file an application for post-conviction relief that exceeded the page limitation set forth in Rule 37. The state district court struck Petitioner's June 3, 2010 application for post-conviction relief as not "properly filed" pursuant to the district court's procedural requirements. Therefore, as Judge Jones specifically found, Petitioner never had a properly filed post-conviction action pending during the applicable one-year limitation period. It follows that Petitioner's June 3, 2010 application for post-conviction relief did not serve to toll the limitation period. *See Pratt v. Mullin*, No. 05-6008, 2006 WL 895501 (10th Cir. April 7, 2006) (unpublished decision) (implicitly agreeing with the district court's finding that § 2244(d)(2) tolling was

5

inapplicable to petitioner's first post-conviction application which was stricken by the state district court because it exceeded page limit established by local rule). Accordingly, Petitioner is not entitled to statutory tolling pursuant to § 2244(d)(2) based on the application for post-conviction relief filed June 3, 2010.

The briefs and motions filed on February 16, 2011, were properly construed by the State court as a second application for post-conviction relief. That application was filed after the expiration of the one-year limitations period. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

### III. Equitable Tolling

The Supreme Court has held that the one-year statutory limitations period for filing a federal habeas action is subject to equitable tolling "in appropriate cases." *See Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010).

In *Holland*, the Supreme Court addressed the availability of equitable tolling where the habeas petitioner claimed that extraordinary circumstances had prevented the timely filing of his habeas petition. The Court did not address equitable tolling or an exception to the procedural bar imposed by the applicable statute of limitations premised on a claim of actual innocence. Tenth Circuit precedent holds, however, that a "sufficiently supported claim of actual innocence" creates an exception to the procedural barrier posed by the applicable limitations period. *See Lopez v. Trani*, 628 F.3d 1228, 1230-1231 (10th Cir. 2010).

In *Lopez*, the Tenth Circuit emphasized that "this actual innocence exception is rare and will 'only be applied in the extraordinary case.'" *Id.* (*quoting Schlup v. Delo*, 513 U.S. 298, 321(1995)). Based on well-established Supreme Court law, the "extraordinary case" must include a "colorable showing of factual innocence." *Herrera v. Collins* 506 U.S. 390, 404 (1993) (internal quotation and citation omitted). In this case, with the exception of Petitioner's assertion that his appellate counsel was ineffective, Petitioner has merely re-asserted the grounds for relief raised in his direct appeal to the OCCA. He has presented no new evidence of factual innocence. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup v. Delo*, 513 U.S. at 316. Although Petitioner states, "I am Innocent of ALL these charges" (Petition p. 37), his protestation of innocence, alone, is not sufficient to support application of equitable tolling in this case.

Because Petitioner is not entitled to statutory or equitable tolling, it is recommended that the Petition be dismissed, as the claims in the Petition are clearly untimely and are barred by the one-year statute of limitations. *See Kilgore v. Estep*, 519 F.3d 1084 (10th Cir. 2008).

## RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus [Doc. No. 1] be **DISMISSED** as untimely filed.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **May 20, 2013**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on May 3, 2013.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE